IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                          Criminal No. **3:11CR310**

**WALTER BROOKS**,

   Petitioner.

### MEMORANDUM OPINION

Walter Brooks, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 98).[1] Brooks contends that he experienced ineffective assistance of counsel[2] and prosecutorial misconduct in conjunction with his trial and sentencing. Specifically, Brooks demands relief because:

| | |
|---|---|
| Claim One: | "[(a)] Counsel did not impeach the government witnesses that falsely testified at trial, [(b)] neither did counsel have the motion of discovery of evidence investigated, which gave rise to the grand jury's indictment. [(c)] Counsel did not prepare any kind of sound trial strategy on the defendant's behalf." (§ 2255 Mot. 4.) |
| Claim Two: | "Counsel failed to do a thorough investigation of my case period. Instead, all counsel did was request for me to take a plea bargain, or make a plea with the Government. Counsel did not interview any witnesses or co-defendants or the first people the CSI reported it to, because the investigation was not about Brooks it was about someone else." (*Id.*) |

---

[1] The Court employs the pagination assigned to Brooks's submissions by the CM/ECF docketing system. The Court corrects the spelling, capitalization, spacing, and punctuation in the quotations from Brooks's submissions. The Court also corrects Brooks's spelling, when necessary, with the most reasonable words for the context.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim Three:

"[(a)] Counsel didn't challenge the drug seizure or chain of custody during the defendant's trial.  Drugs had tested at 95% uncertain, plus contained cotton, two brown powder substances and one rock substance.  [(b)] Counsel allowed prosecution to show false photocopies of one package of drugs to the jury that wasn't turned over to the defendant during the discovery.  The lab report states that there were three packages I don't know where the DA got their evidence." (*Id.* at 4–5.)

Claim Four:

"[(a)] DA Young deliberately showed the juries misleading drug photo evidence against defendant to obtain a conviction.  The only photo evidence of the seized drugs from Jackson given to the defendant was from the initial arrest.  The pictures that the defendant was given only show a napkin in an ashtray and paper trash bag.  [(b)] Counsel failed to subpoena my witnesses whose names I gave her.  She informed me that she could get in touch with them but never did." (*Id.* at 5.)

Claim Five:

"Counsel never challenged the defendant's false arrest, the defendant should have had an extradition hearing.  The defendant was taken from Washington D.C. at gun point to Virginia against his will." (*Id.* at 7.)

Claim Six:

"[(a)] Trial counsel was ineffective for not challenging the sufficiency of the Indictment 1 to 22.  Number 21 was missing making the Indictment flawed, [(b)] as well as Agent Larry Lidsky giving hearsay testimony from Keif Jackson to the grand jury [(c)] along with falsifying drug evidence along with Nysha Jackson's grand jury testimony especially after Nysha admitted she lied doing the investigation report, concurring meeting Brooks take [sic]." (*Id.*)

Claim Seven:

"Counsel failed to expose the lies by the witnesses to the jury with all the witnesses' investigation reports." (*Id.*)

Claim Eight:

"Counsel violated attorney client privilege at the hearing on April 9th, 2012, when counsel stated that the defendant lied to him concerning the case." (*Id.*)

Claim Nine:

"Counsel failed to report in August 2012 that Agent Larry Lidsky along with four FBI agents and both Captains of Northern Neck Regional Jail, Captain Turner, & Captain Hinkle, searched the defendant's cell as well as an inmate by the name of Lawson taking all of the defendant's legal documents in connection to his case so that the defendant could not properly prepare an adequate defense." (*Id.*)

Claim Ten:     "[(a)] Counsel didn't challenge defendant's Pre-Sentence Report nor objected to defendant's role in the offense from the spring of 2008, and September 2008. When documented government evidence disputes that claim. Nor did counsel object to the points I received for the role or managing Nysha Jackson. [(b)] Nor did counsel object to the wrong code on the work sheet. [(c)] Nor did counsel object to defendant's bribery. When Jackson stated he refused Brooks's and Bushrod's offer. Then two years later after he was smuggling he approached Brooks. [(d)] Counsel failed to challenge the drugs transaction connection to the defendant, when the lab actual drug amount was (0.31 g) when 95% was uncertain and it contained caffeine. In all reality, the total weight of the actual drugs during the 6 transactions would be well under 5 grams total. Therefore placing defendant's points under 12." (*Id.*)

Claim Eleven:  "Counsel's abuse of discretion was clear when he never came to see the defendant and filed the defendant's appeal brief after defendant told counsel not to file it. Counsel filed a brief without the consent of the defendant and neither did the defendant get a chance to review it." (*Id.* at 8.)

Claim Twelve:  "Counsel failed to challenge defendant not being properly identified and the right to choose what law of venue that he would like to be represented under, thus his conviction is unconstitutional and the plaintiffs are in clear violation of the United States of America 8th and 14th Amendments by not giving the defendant equal protection of the law." (*Id.*)

The Government has responded, asserting that Brooks's claims lack merit. (ECF No. 108.)

Brooks has filed a reply. (ECF No. 110.) Brooks has also filed a Petition to Supplement his

§ 2255 Motion with two additional claims, which the Court will construe as a Motion to Amend.

(Mot. Amend, ECF No. 109.) The Court will GRANT the Motion to Amend and consider the

merits of the following two claims:

Claim Thirteen:  "Prosecutor was extremely deficient in [his] performance by failing to investigate each and every alleged detail with substance to ensure a fair court proceeding. And [he] failed to investigate code, statutes, and titles to ascertain its validity. He charged the petitioner under a nonexistent title such as Title 21. Title 21 did not proceed through the proper channel such as the Senate and the House of Representatives to attain approval from Congress. Title 21 was fabricated by the Executive Branch of Government. The

3

Executive Branch does not have legislative power to enact unicameral legislation. The President of the United States of America did not certify or ratify this document; therefore, Title 21 is invalid and unconstitutional. Prosecutor decided to charge, indict, and convict petitioner under a noncongressional title which deprives Petitioner of his liberty interest rights." (*Id.* at 1–2.)

Claim Fourteen:  "The Judge gave the jury misinstruction regarding the drug quantity because the lab report was uncertain." (*Id.* at 2.)

As explained further below, Brooks's claims are conclusory and entirely lacking in merit.

## I.  PROCEDURAL HISTORY

On February 7, 2012, a grand jury charged Brooks with conspiracy (Count One), conspiracy to distribute and to possess with intent to distribute heroin (Count Two), five counts of providing contraband in prison (Counts Three through Seven), and three counts of use of a communication facility to commit a felony (Counts Eight through Ten). (Superseding Indictment 1–10, ECF No. 25.) On April 12, 2012, a jury found Brooks guilty of all ten counts of the Superseding Indictment. (ECF No. 55.)

On September 13, 2012, the Court entered judgment against Brooks and sentenced him to a total of 240 months of imprisonment. (J. 3, ECF No. 81.)[3] The United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment. *United States v. Brooks*, 523 F. App'x 992, 996 (4th Cir. 2013). The Fourth Circuit summarized the evidence against Brooks as follows:

During trial, the government elicited testimony from Brooks' coconspirators that they worked together to smuggle contraband, namely heroin, into federal prison. Further, the Government demonstrated, through witness testimony, that the coconspirators used telephones in order to facilitate the heroin smuggling scheme. Finally, the Government established that Brooks convinced a prison guard to

---

[3] Brooks had five different attorneys represent him during his criminal proceedings due to his disagreement with their handling of his case. Ultimately, he settled on Angela Whitley and Jason Anthony to represent him. It is apparent from this § 2255 Motion that he continued to be dissatisfied with the services they rendered.

smuggle heroin into prison under color of his official title, in exchange for payment.

*Id.* at 994–95.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A.    Claims Concerning Counsel's Pretrial and Trial Performance

In Claim One, Brooks raises three allegations of ineffective assistance. First, in Claim One (a), Brooks alleges that "[c]ounsel did not impeach the government witnesses that falsely testified at trial." (§ 2255 Mot. 4.) Brooks fails to specify which witnesses provided allegedly false testimony and why he believed the testimony was false. For this reason alone, he is not entitled to relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations").

Moreover, counsel aver that prior to trial, the Government provided them "with the statements of each witness called by the government."   (Gov't Resp. Attach. C ("Whitley/Anthony Aff.") ¶ 5, ECF No. 108–3.)  At trial, counsel then "cross-examined each witness and pointed out inconsistencies between the witnesses['] original statement to the police as opposed to their testimony on the stand during trial." (*Id.*; *see also* Apr. 11, 2012 Tr. at 185–86.)  Given this, Brooks fails to demonstrate that counsels' performance in this regard was deficient or that he suffered any resulting prejudice, and Claim One (a) will be DISMISSED.

In Claim One (b), Brooks alleges that counsel was ineffective for failing to "have the motion of discovery of evidence investigated, which gave rise to the grand jury's indictment." (§ 2255 Mot. 4.)  Counsel aver that "[p]rior to trial, the Government provided all relevant Rule 16 material, including transcripts of the testimony of witnesses who testified before the grand jury." (Whitley/Anthony Aff. ¶ 6.)  Brooks has not specified what more he believes counsel should have obtained.  Thus, Brooks fails to demonstrate that counsel's performance regarding obtaining discovery was deficient or that he suffered any prejudice, and Claim One (b) will be DISMISSED.

In Claim One (c), Brooks alleges that "[c]ounsel did not prepare any kind of sound trial strategy on [his] behalf." (§ 2255 Mot. 4.)  Counsel aver that their strategy "was to review discovery provided by the Government, test the witnesses['] credibility during trial, and argue to the jury that the Government had failed to establish that Brooks was part of a conspiracy to bribe prison officials to smuggle heroin into FCI Petersburg." (Whitley/Anthony Aff. ¶ 7.)  Brooks fails to identify with specificity how counsels' trial strategy was lacking. *See Sanders*, 373 U.S. at 19.  Thus, Brooks presents no persuasive argument to overcome the "strong presumption that

counsel[s'] conduct [fell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Accordingly, Claim One (c) will be DISMISSED.

In Claim Two, Brooks alleges that counsel "failed to do a thorou[gh] investigation of my case period," and that counsel "did not interview any witnesses or co-defendants or the first people the CSI reported it to." (§ 2255 Mot. 4.) Brooks's vague allegations fail to state a claim for relief. Brooks does not advise the Court "of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify." *Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1990). Additionally, counsel aver that "[p]rior to trial, [they] reviewed discovery, discussed the same with [Brooks] and also attempted to interview prisoners at FCI Petersburg who may have had information about the case." (Whitley/Anthony Aff. ¶ 8.) "However, after meeting with the warden of FCI Petersburg, counsel was denied access to potential prison witnesses since counsel for Brooks was not counsel of record for the inmate witnesses." (*Id.*) Moreover, given the substantial evidence against him, Brooks has not demonstrated a reasonable probability that, but for counsel's failure to interview these witnesses, the jury's verdict would have been different. Brooks demonstrates neither deficiency nor any resulting prejudice, and Claim Two will be DISMISSED.

In Claim Three (a), Brooks vaguely suggests that "[c]ounsel didn't challenge the drug seizure or chain of custody during the defendant's trial. Drugs had tested at 95% uncertain, plus contained cotton, two brown powder substances and one rock substance." (§ 2255 Mot. 4.) Counsel aver that the only drugs seized during the investigation "were from Keif Jackson, a former prison guard at FCI Petersburg. During trial, Jackson authenticated the drugs seized from his vehicle as did the agents who recovered them." (Whitley/Anthony Aff. ¶ 9.) Moreover, to the extent Brooks claims that counsel should have challenged whether the substance seized was a

controlled substance, the parties "stipulated to the analysis performed by the DEA Mid-Atlantic Laboratory concluding that the item recovered was a controlled substance[]." (*Id.*) Thus, counsel reasonably eschewed making these meritless objections. Accordingly, Claim Three (a) will be DISMISSED.

In Claim Three (b), Brooks alleges that counsel "allowed [the] prosecution to show false photocopies of one package of drugs to the jury that wasn't turned over to the defendant during the discovery." (§ 2255 Mot. 4–5.) By "photocopies," the Court presumes that Brooks means photographs. Brooks's claim is belied by the record. Counsel explain that they had "no basis to object to the introduction into evidence of these photographs because the drug evidence photographs, exhibits 3 and 4 at trial, had been produced in discovery prior to trial and a proper foundation for introduction into evidence for the photographs was laid by the government during the trial." (Whitley/Anthony Aff. ¶ 10.) Again, counsel cannot be faulted for not raising a meritless objection. Accordingly, Claim Three (b) will be DISMISSED.

In Claim Four (b), Brooks alleges that "[c]ounsel failed to subpoena any witnesses whose names I gave her." (§ 2255 Mot. 5.) Again, as discussed *supra*, Brooks has not advised the Court "of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify." *Bassette*, 915 F.2d at 941. Accordingly, as Brooks fails to demonstrate deficiency or prejudice, Claim Four (b) will be DISMISSED.[4]

In Claim Five, Brooks asserts that counsel "never challenged the defendant's false arrest, the defendant should have had an extradition hearing. The defendant was taken from Washington D.C. at gun point to Virginia against his will." (§ 2255 Mot. 7.) On November 17, 2011, the United States Magistrate Judge issued a warrant for Brooks's arrest. (ECF No. 2.)

---

[4] The portion of Claim Four raising prosecutorial misconduct will be discussed *infra* in Part III.

Brooks was arrested the next day and had an initial appearance before the United States Magistrate Judge. (ECF No. 3.) Brooks's conclusory allegation provides no reason for why counsel should have challenged his arrest on a properly issued warrant. Moreover, counsel aver that they had no reason to challenge the arrest. (Whitley/Anthony Aff. ¶ 11.) Counsel cannot be faulted for failing to raise this meritless challenge. Accordingly, Claim Five will be DISMISSED.

In Claim Six (a), Brooks alleges that counsel was ineffective "for not challenging the sufficiency of the Indictment . . . . Number 21 was missing making the indictment flawed . . . ." (§ 2255 Mot. 7.) Brooks presumably refers to the fact that in the "Overt Acts" section of Count One of the Superseding Indictment, overt act 21 was labeled as overt act 22. (Superseding Indictment at 7.) Counsel aver that the Superseding Indictment was "sufficient to put [them] on notice of the charges that Brooks faced," and that the typographical error was not material. (Whitley/Anthony Aff. ¶ 12.) Brooks fails to demonstrate any deficiency of counsel or resulting prejudice from counsels' failure to challenge the typographical error. Claim Six (a) will be DISMISSED.

In Claim Six (b), Brooks claims that counsel failed to challenge the Superseding Indictment because it was based upon "Agent Larry Lidsky giving hearsay testimony from Keif Jackson to the grand jury" and because Agent Lidsky "falsif[ed] drug evidence." (§ 2255 Mot. 7.) Contrary to Brooks's suggestion, the Federal Rules of Evidence—including the rules governing the use of hearsay—"do not apply" in "grand-jury proceedings." Fed. R. Evid. 1101(d)(2). Moreover, an indictment is valid even if "based wholly on hearsay grand jury testimony." *United States v. Alexander*, 789 F.2d 1046, 1048 (4th Cir. 1986) (citing *Costello v. United States*, 350 U.S. 359 (1956)). Thus, the first portion of Brooks's claim fails.

9

Additionally, counsel aver that they "[were] not aware of any false drug evidence that was submitted to the grand jury by special agent Lidsky." (Whitley/Anthony Aff. ¶ 13.)  Brooks fails to identify why he believes Agent Lidsky falsified drug evidence, or further provide any factual support for this claim.  Again, counsel cannot be faulted for failing to challenge the Indictment based on these meritless arguments.  Claim Six (b) will be DISMISSED.

In Claim Six (c), Brooks argues that counsel should have objected to "Nysha Jackson's grand jury testimony especially after Nysha admitted she lied doing the investigation report." (§ 2255 Mot. 7.)  However, counsel "cross-examined and impeached Nyisha Jackson based on inconsistent statements made by Jackson to law enforcement officers as opposed to her statements in court."  (Whitley/Anthony Aff. ¶ 14; *see also* Apr. 11, 2012 Tr. at 185–86.) Brooks fails to identify on what further grounds counsel should have attacked Jackson's testimony.  Thus, Brooks has demonstrated no deficiency of counsel or prejudice.  Accordingly, Claim Six (c) will be DISMISSED.

In Claim Seven, Brooks alleges that "[c]ounsel failed to expose the lies by the witnesses to the jury with all the witnesses' investigation reports." (§ 2255 Mot. 7.)  The Court considered this argument in Claim One and found it to be meritless.  Accordingly, Claim Seven will be DISMISSED.

In Claim Eight, Brooks asserts that "[c]ounsel violated attorney client privilege at the hearing on April 9th, 2012 when counsel stated that the defendant lied to him concerning the case." (§ 2255 Mot. 7.)  As no hearing occurred on April 9, 2012, the Court presumes that Brooks is referring to the hearing held on April 4, 2012. (ECF No. 34.)  On that date, the Court heard argument on the motion to withdraw filed by Billy Ponds, Brooks's previous counsel, that Brooks chose to replace.  A review of the transcript reveals that at no time did Mr. Ponds state

that Brooks had lied to him about the case. Rather, Mr. Ponds stated: "I take great disagreement with Mr. Brooks in terms of many of the representations he said today. I won't go into detail because there is attorney-client privilege." (Apr. 4, 2012 Tr. 16.) Clearly, Mr. Ponds was careful not to violate attorney-client privilege during the April 4, 2012, hearing. Accordingly, Claim Eight is meritless and will be DISMISSED.

In Claim Nine, Brooks alleges that counsel failed to "report in August 2012 that Agent Larry Lidsky along with four FBI agents and both Captains of Northern Neck Regional Jail . . . searched [his] cell . . . taking all of the defendant's legal documents in connection to his case so that the defendant could not properly prepare a[n] adequate defense." (§ 2255 Mot. 7.) To the extent that Brooks alleges that counsel should have raised a Fourth Amendment violation, the Supreme Court has held that "the Fourth Amendment has no applicability to a prison cell." *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). Thus, counsel cannot be faulted for failing to raise an objection on Fourth Amendment grounds. Moreover, Brooks fails to demonstrate any resulting prejudice from the search. First, as Brooks was represented by counsel, he fails to explain why he needed access to the documents seized in order to adequately prepare a defense. Brooks also fails to show that the outcome of his trial would have been different if counsel had objected to the search. Because Brooks fails to demonstrate either deficiency or prejudice, Claim Nine will be DISMISSED.

In Claim Twelve, Brooks alleges that counsel "failed to challenge defendant not being properly identified and the right to choose what law of venue that he would like to be represented under." (§ 2255 Mot. 8.) First, counsel explain that they had no basis for failing to challenge Brooks's identification because "several witnesses who had personal interaction with Brooks and who testified at trial identified Brooks from the witness stand." (Whitley/Anthony Aff. ¶ 17.)

Moreover, counsel aver that they had no basis for challenging venue "because the government had established that venue was proper in the Eastern District of Virginia." (*Id.*) Counsel cannot be faulted for not raising these meritless arguments. Accordingly, Claim Twelve will be DISMISSED.[5]

### B. Claims Concerning Counsel's Performance Regarding Sentencing

In Claim Ten, Brooks asserts several claims that counsel was ineffective with regard to sentencing. First, in Claim Ten (a), Brooks alleges that counsel failed to challenge the enhancement for his "role in the offense" and the "points [he] received for the role or managing Nysha Jackson." (§ 2255 Mot. 7.) As to his role in the offense, Brooks's Pre-Sentence Investigation Report ("PSR") stated:

> There are no mitigating adjustments for the defendant's role in this offense. **Walter Brooks** was involved in the conspiracy from spring 2008, through November 18, 2011. **Walter Brooks'** primary role during this period was to manage the distribution of heroin inside FCC Petersburg, while he was an inmate there, and to coordinate transactions between either himself or outside sources and Petersburg Correctional Officer Keif Jackson, so heroin could be smuggled into FCC Petersburg, both while **Mr. Brooks** was incarcerated and upon his release from incarceration. The **defendant** recruited and managed Keif Jackson and Saundra Sanders. The conspiracy also involved Nyisha Jackson and at least two other inmates at FCC Petersburg. During the **defendant's**

---

[5] In his Reply, for the first time, Brooks asserts that counsel was ineffective for failing to file "the necessary pretrial motions such as [a] motion to dismiss indictment, motion to strike superseding indictment, and motion to challenge Title 21 because of its invalidity." (Reply 2.) According to Brooks, counsel "failed to object to multiplicitous charges in a single count of the indictment," and "failed to file a motion to strike as surplusage any unnecessary allegation in the charging document or in the indictment." (*Id.* at 4.) He further alleges that counsel "failed to request all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimonies in this case against the petitioner," (*id.* at 5), and "failed to request for specific information pursuant to the Freedom of Information and to the Privacy Act of 1974" (*id.* at 6). To the extent that these claims are not barred by the statute of limitations, they lack merit. As discussed *infra* in Part III, the Fourth Circuit has upheld the constitutionality of the legislation that created Title 21 of the United States Code. Counsel cannot be ineffective for failing to raise a meritless argument challenging Title 21. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996). Moreover, the rest of Brooks's claims are vague and conclusory, and therefore fail to establish any deficiency of counsel or resulting prejudice. *See Sanders*, 373 U.S. at 19.

participation in the instant offenses, 47.4 grams of heroin were either smuggled and distributed inside FCC Petersburg or were attempted to be smuggled and distributed inside FCC Petersburg. Therefore, the **defendant's** Offense Level is increased by four levels, pursuant to <u>United States Sentencing Guidelines</u> (U.S.S.G.) § 3B1.1(a).

(PSR ¶ 52, ECF No. 74.)

Contrary to Brooks's vague, unsupported assertion, counsel did challenge the role in the offense enhancement. Counsel filed written objections, arguing that "[t]he greater weight of the evidence shows that Mr. Brooks' role in the offense was a limited one." (ECF No. 70, at 9.) Counsel further asserted that "Mr. Brooks was a mere middleman, for a conspiracy that began prior to his involvement and was led by Keif Jackson." (*Id.* at 10.) Moreover, counsel vigorously argued against the enhancement at sentencing, reiterating the arguments raised in the written objections. (Sept. 9, 2012 Tr. 18–20.) The Court rejected counsel's argument, finding that Brooks was the organizer of the offense. (Sept. 9, 2012 Tr. 26–27.) Brooks does not explain how he believes counsel should have further objected to the enhancement and how any further objection would have changed the result of his sentencing. Claim Ten (a) lacks merit and will be DISMISSED.

In Claim Ten (b), Brooks asserts that counsel failed to "object to the wrong code on the work sheet." (§ 2255 Mot. 7.) Brooks fails to identify which code he believes was used in error and to which worksheet he refers. Such a conclusory allegation without any factual support fails to establish any deficiency of counsel or resulting prejudice. *See Sanders*, 373 U.S. at 19. Claim Ten (b) will be DISMISSED.

Next, in Claim Ten (c), Brooks alleges that counsel failed to object to the bribery enhancement. (§ 2255 Mot. 7.) Under United States Sentencing Guidelines § 2D.11(b)(11), a two-level enhancement was applied because Brooks bribed a law enforcement officer. (PSR

Wksht. A.)  Contrary to Brooks's allegation, counsel filed written objections to the enhancement, arguing that "the conduct for which Mr. Brooks was convicted does not constitute bribery as a matter of law."  (ECF No. 70, at 11.)  Counsel asserted that Brooks "did not induce Jackson to smuggle contraband into FCI Petersburg" because "Jackson was already involved in selling drugs and smuggling contraband into the facility prior to Mr. Brooks's entry into the agreement." (*Id.*)  Counsel further argued that "despite current case law to the contrary, Mr. Brooks objects to Jackson's categorization as a law enforcement officer." (*Id.*)  At the sentencing hearing, counsel reiterated these arguments.  (Sept. 9, 2012 Tr. 20–21.)  The Court overruled the objection and found that the enhancement was appropriate.  (Sept. 9, 2012 Tr. 26–27.)  Brooks fails to explain how he believes counsel should have further objected to the enhancement.  Brooks fails to demonstrate any deficiency of counsel or resulting prejudice, and Claim Ten (c) will be DISMISSED.

Finally, in Claim Ten (d), Brooks asserts that counsel "failed to challenge the drugs transaction connection to [him], when the lab actual drug amount was (0.31 g) when 95% was uncertain and it contained caffeine."  (§ 2255 Mot. 7.)  He claims that "[i]n all reality, the total weight of the actual drugs during the 6 transactions would be well under 5 grams total." (*Id.*)

The Probation Officer determined that Plaintiff was responsible for the distribution of 47.4 grams of heroin.  (PSR Wksht. A.)  Counsel filed written objections to that amount, stating:

> In the instant case, law enforcement seized 7.9 grams of heroin from Keif Jackson.  Yet, Probation is attributing 47.4 grams of heroin to Mr. Brooks.  The basis for this attribution is that Keif Jackson had six meetings with various individuals allegedly connected to Mr. Brooks or with Mr. Brooks himself for the purpose of obtaining heroin.  (PSR ¶ 49, at 15)  This is the sort of "rote" multiplication that several Circuits have found improper for approximating the quantity of a controlled substance distributed or trafficked during a conspiracy. Accordingly, this Court should reject Probation's approximation and hold Mr. Brooks, for the purposes of sentencing, accountable for only the 7.9 grams of heroin that law enforcement actually seized from Keif Jackson.  Therefore, the

14

appropriate Guideline offense level under § 2D1.1(c)(10) is 16. Based upon the application of the aforementioned adjustments, Mr. Brooks['s] Adjusted Offense Level should be 18. In combination with a Criminal History Category of IV, Mr. Brooks's guideline sentence should be 41–53 months of incarceration.

Mr. Brooks would like to also bring to the Court's attention that the government field weights and subsequent lab reports show 4 different weights for the substance seized from Jackson. Additionally, those documents describe the packaging and substances inconsistently and to a degree that one cannot be certain of the contents seized. Moreover, there was evidence presented at trial by the Government's forensic scientist that the substance tested was not heroin.

(ECF No. 70, at 12–13.) Counsel reiterated these objections during the sentencing hearing. (Sept. 9, 2012 Tr. 21–22.)

The Court determined that there was "a level of inexactitude" in the way the drug quantity was calculated. (Sept. 9, 2012 Tr. 26.) Accordingly, the Court "knock[ed] 20 percent off seven point nine, which leads it down to approximately six grams." (Sept. 9, 2012 Tr. 26–27.) The Court determined that the total drug weight attributable to Brooks was 37.9 grams, totaling "five shipments of six grams for 30, plus one for seven point nine." (Sept. 9, 2012 Tr. 27.) Therefore, the Court granted, in part, Brooks's objection to the drug quantity. (Sept. 9, 2012 Tr. 27.)

Thus, counsel successfully argued for a reduced drug weight to be taken into consideration for Brooks's sentence. Brooks has not offered any viable grounds for why he should have been only held accountable for less than five grams of heroin. Brooks has failed to demonstrate any deficiency or counsel, or that, but for counsel's alleged error, he would have received a lower sentence.[6] Therefore, Claim Ten (d) will be DISMISSED.

---

[6] The Court determined that with a total offense level of 30 and a Criminal History Category of III, Brooks's Sentencing Guidelines range called for 121 to 151 months of incarceration. (Sept. 9, 2012 Tr. 64.) The Government requested that the Court grant an upward variance and impose a sentence of 240 months of imprisonment. (Sept. 9, 2012 Tr. 44.) In support of its request, the Government argued that "Mr. Brooks obviously has no respect for the law, and because the public must be protected from Mr. Brooks' further ability to commit crimes." (Sept. 9, 2012 Tr. 44.) The Government argued that smuggling heroin into a federal

### C.     Claim Concerning Appellate Counsel

In Claim Eleven, Brooks asserts that "[c]ounsel's abuse of discretion was clear when he never came to see the defendant and filed the defendant's appeal brief after defendant told counsel not to file it." (§ 2255 Mot. 8.) He further asserts that counsel filed the appellate brief without his consent and without allowing him a chance to review it. (*Id.*)

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694).  Counsel had no obligation to assert all non-frivolous issues on appeal.  Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)).  A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).  "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

---

prison is akin to bringing "matches to [a] tinder box." (Sept. 9, 2012 Tr. 46.) The Government further argued that Brooks turned to crime as an adult, and, while pending sentencing, seriously injured three other inmates at the Northern Neck Regional Jail. (Sept. 9, 2012 Tr. 46–50.) Brooks's counsel requested that the Court impose a sentence between 121 to 135 months of incarceration. (Sept. 9, 2012 Tr. 62.) The Court denied Brooks's motion for a variance, granted the Government's request for an upward variance, and imposed a sentence of 240 months. (Sept. 9, 2012 Tr. 74–75.) In doing so, the Court noted that Brooks was "a plague upon society" who is "dangerous" and "flaunts the law." (Sept. 9, 2012 Tr. 75.) The Court also found that Brooks "brings other people down" and "is completely out of control, and completely devoted to criminal behavior." (Sept. 9, 2012 Tr. 75.) Thus, given that the Court granted an upward variance, Brooks can demonstrate no resulting prejudice from counsel's alleged errors.

Contrary to Brooks's vague, unsupported statements that counsel failed to communicate with him, appellate counsel avers that on November 16, 2012, he mailed a letter regarding the appeal to Brooks at the Northern Neck Regional Jail. (Gov't Resp. Attach. D ("Greene Aff.") ¶ 5, ECF No. 108–4.)  Unbeknownst to counsel, Brooks had already been transferred to the Rivers Correctional Institute. (*Id.* ¶ 6.)  When counsel learned of Brooks's transfer, he re-sent the letter to Brooks. (*Id.* ¶¶ 6–7.)  Counsel also filed a motion to extend the briefing schedule due to his inability to contact Brooks. (*Id.* ¶ 8.)

On December 18, 2012, appellate counsel had a teleconference with Brooks. (*Id.* ¶ 9.)  During the teleconference, counsel "summarized the issues [he] intended to include in the opening brief in the case." (*Id.*)  Counsel also filed a "second motion for extension of the briefing schedule in order to review for possible inclusion in the appellant's brief various issues raised by Mr. Brooks." (*Id.*)  Brooks and counsel had another teleconference on December 27, 2012, during which counsel "summarized all of the issues to be presented in the opening brief." (*Id.* ¶ 10.)  To the best of counsel's understanding, Brooks approved of those issues. (*Id.*)  Brooks and counsel spoke again on January 4, 2013, during which counsel summarized the issues included in the brief that had been filed the previous day. (*Id.* ¶ 12.)  Again, to the best of counsel's understanding, Brooks approved of those issues. (*Id.*)  Counsel mailed a copy of the brief and appendix to Brooks on January 11, 2013. (*Id.*)

Brooks has provided no evidence that refutes counsel's sworn statement that he thoroughly discussed the brief with Brooks before filing it with the Fourth Circuit.  Nothing in the record suggests that Brooks told counsel not to file the appellate brief.  Moreover, Brooks cannot explain how he was prejudiced by not being afforded an opportunity to review a hard copy of the brief before it was filed when counsel, on several occasions, provided him

summaries of the issues to be raised.  Brooks also fails to identify any issue that he wished

counsel to raise on appeal, that counsel did not include in the appellate brief.  Accordingly,

Brooks has demonstrated no deficiency or prejudice, and Claim Eleven will be DISMISSED.

### III.    PROSECUTORIAL MISCONDUCT

In Claim Four (a), Brooks alleges that counsel for the Government "deliberately showed

the juries misleading drug photo evidence against defendant to obtain a conviction."  (§ 2255

Mot. 5.)  Brooks fails to describe how the photographs introduced during trial were misleading.

Again, such a conclusory allegation without any factual support fails to establish any deficiency

of counsel or resulting prejudice.  *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding

denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no

supporting factual allegations").  Accordingly, Claim Four (a) will be DISMISSED.

In Claim Thirteen, Brooks asserts that the prosecutor was "extremely deficient in [his]

performance by failing to investigate each and every alleged detail with substance to ensure a

fair court proceeding."  (Mot. Amend 1.)  Brooks's vague allegations, without any factual

support, fail to state a claim for relief.  *Sanders*, 373 U.S. at 19.  Brooks also alleges that the

prosecutor "charged [him] under a nonexistent title such as title 21," because "Title 21 did not

proceed through the proper channel such as the Senate and the House of Representatives to attain

from Congress."  (Mot. Amend at 1–2.)  Brooks offers no persuasive argument for this fanciful

claim.  *See United States v. Nunez*, No. 4:10CR00060, 2012 WL 5362205, at *1 (E.D. Ark. Oct.

30, 2012) (rejecting similar argument that "Title 21 is not properly enacted law"); *see also*

*United States v. Leshuk*, 65 F.3d 1105, 1111–12 (4th Cir. 1995) (citations omitted) (determining

that Section 401(a)(1) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 is

constitutional because "Congress has the authority under the Commerce Clause to criminalize

the intrastate possession, distribution, and sale of controlled substances"). Accordingly, Claim Thirteen will be DISMISSED.[7]

## IV.   TRIAL COURT ERROR

In Claim Fourteen, Brooks asserts, in sum, that the Court abused its discretion by giving the jury a "misinstruction regarding the drug quantity because the lab report was uncertain." (Mot. Amend 2.) Brooks fails to provide any factual support for his claim. Again, such a conclusory allegation without any factual support fails to state a claim for relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Moreover, Brooks fails to identify, and the Court fails to discern, any error with the jury instructions. Accordingly, Claim Fourteen will be DISMISSED.[8]

## V.   OUTSTANDING MOTIONS

Brooks has filed a Motion of Discovery, seeking phone recordings from the Northern Neck Regional Jail. (ECF No. 105.) Because the Court has already determined that Brooks's claims lack merit, his Motion of Discovery (ECF No. 105) will be DENIED AS MOOT. Brooks

---

[7] In his Reply, Brooks raises, for the first time, a claim that counsel for the Government committed misconduct by "attempt[ing] to circumvent to amend the indictment which contained erroneous and false detailed information." (Reply 7.) Brooks also asserts that counsel for the Government acted inappropriately because the foreman of the grand jury did not sign the Superseding Indictment. (*Id.* at 8.) To the extent this claim is not barred by the statute of limitations, nothing in the record suggests that the Superseding Indictment was improperly returned. Moreover, the foreman's name has simply been redacted from the copy of the Superseding Indictment made available to the public.

[8] In his Reply, Brooks raises, for the first time, a claim that the Court should have informed the jury about "several clearly established laws governing multiplicitous offenses in an indictment in separate count[s]." (Reply 13.) Brooks does not detail which count of the Superseding Indictment he believes is multiplicitous. To the extent that this claim is not barred by the statute of limitations, Brooks's conclusory allegation, without any factual support, fails to state a claim for relief. *See Sanders*, 373 U.S. at 19.

has also filed two Motions for Status (ECF Nos. 112 and 114), which will also be DENIED AS MOOT.

## VI.    CONCLUSION

For the foregoing reasons, Brooks's § 2255 Motion (ECF No. 98) will be DENIED. Brooks's Motion of Discovery (ECF No. 105) will be DENIED AS MOOT. Brooks's Motion to Amend (ECF No. 109) will be GRANTED. Brooks's Motions for Status (ECF Nos. 112 and 114) will be DENIED AS MOOT.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Brooks has not satisfied this standard. Accordingly, the Court will DENY a COA.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4/22/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
**United States District Judge**